FRANK J. MAHEU *vs.* L'UNION LAFAYETTE.

Kennebec.      Opinion October 19, 1916.

*Effect on members of associations of change in its by-laws. Fraternal associations. Right to amend and change by-laws.*

The agreed statement shows that the defendant is a fraternal benefit association, whose principal object is to establish by monthly contributions by the members "a benefit fund for sick associates, and after their death for the heirs."

The plaintiff is a member. It does not appear that any benefit certificate was issued to him. But at the time he became a member, under the by-laws, sick members were entitled to benefits at the rate of $5. a week for thirteen weeks in each year. After the plaintiff became ill and after he had received $325. as sick benefits the defendant amended its by-law so as to limit the total amount any sick member would be entitled to receive to $325. or $5. a week for sixty-five weeks. And the defendant relying upon the amended by-law refuses to pay any more sick benefits to the plaintiff.

*Held;*

1. That when a member of an association has become ill and his right to sick benefits has attached, the society cannot defeat his right and repudiate its existing obligation by amending its by-laws.

2. Such an amendment is wholly unreasonable and void, as respects liabilities already incurred.

Action to recover sick benefits for a period of thirteen weeks at five dollars per week. Case entered at Superior Court, Kennebec county, and reported to Law Court upon agreed statement of facts. Judgment for plaintiff. Damages to be assessed at nisi prius.

The case is stated in the opinion.

*F. W. Clair*, for plaintiff.

*P. A. Smith*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

HANSON, J.   The agreed statement shows that the defendant is
a fraternal benefit association, whose principal object is to establish
by monthly contributions by the members "a benefit fund for sick
associates, and after their death for the heirs."   The plaintiff is
a member.   It does not appear that any benefit certificate was
issued to him.   But at the time he became a member, under the
by-laws, sick members were entitled to benefits at the rate of $5
a week for thirteen weeks in each year.   After the plaintiff became
ill, and after he had received $325, as sick benefits, the defendant
amended its by-law so as to limit the total amount any sick member
would be entitled to receive to $325, or $5 a week for sixty-five
weeks.   And the defendant, relying upon the amended by-law,
refuses to pay any more sick benefits to the plaintiff.   The plaintiff
contends that the amendment, adopted after he became ill, does
not affect his rights.

We think the plaintiff's contention must be sustained.   We are
not called upon to consider the general question whether a fraternal
benefit society may, by amendment of its by-laws increase its assess-
ment rates, or reduce its sick or death benefits, so as to affect exist-
ing members.   The authorities seem to be divided irreconcilably
on this question.   The leading case in support of the power is
*Reynolds* v. *Royal Arcanum*, 192 Mass., 150.   The leading case
opposed is *Wright* v. *Maccabees*, 196 N. Y., 391.

The question here is whether after a member has become ill,
and his right to sick benefits has attached, the society can defeat
his right and repudiate its existing obligation by amending its by-
laws.   If so, it is an easy way to discharge liabilities.   We think it
cannot.   Such an amendment is wholly unreasonable and void, as
respects liabilities already incurred.   *Becker* v. *Berlin Beneficial
Society*, 144 Pa. St., 232, is exactly in point.

*Judgment for plaintiff.*

*Damages to be assessed at nisi prius.*